## AGREEMENT, RECEIPT AND RELEASE

ROBERT MOORE (hereinafter referred to as "Moore"), and DEPENDABLE AUTO SHIPPERS, INC. (hereinafter referred to as "DAS"), (collectively referred to as the "Parties"), hereby enter into this Agreement, Receipt and Release (hereinafter sometimes referred to as "Agreement"), to resolve all claims and potential claims by Moore against DAS.

1. Within fourteen (14) days of obtaining Court approval of this Agreement, Receipt and Release, DAS agrees to pay the total amount of Thirty Thousand Dollars ($30,000) ("Settlement Sum"), the receipt and sufficiency of which is hereby acknowledged. The payment of the Settlement Sum shall be paid as follows:

    (a) The amount of Ten Thousand Dollars ($10,000) payable to Robert Moore will be paid in two checks: one in the gross amount of Five Thousand Dollars ($5,000) ("Payroll Check"), less applicable state, federal and local taxes, which payment shall be reported on a Form W-2; and one in the amount of Five Thousand Dollars ($5,000) with no taxes withheld, which shall be reported on a Form 1099; and

    (b) Payment of Twenty Thousand Dollars ($20,000.) to Martin and Martin Law Firm as costs and attorney's fees, which shall be reported on a Form 1099.

2. Moore acknowledges that the funds paid herein by DAS include a compromise settlement of all of Moore's claims against DAS, including claims for overtime wages and liquidated damages. Therefore, applicable taxes have been withheld from the Payroll Checks described in paragraphs 1(a). No deductions have been made by DAS for Social Security or income taxes from all remaining checks described in paragraphs 1(a) – (b). At the appropriate time, DAS will issue to Moore IRS Forms 1099 and Moore agrees to indemnify and hold DAS harmless from any and all liability which

may be asserted against it by the United States of America or the State of Georgia or any state or local municipalities for Social Security, income tax or any other tax claimed to be owed by Moore in connection with DAS's payment of the Settlement Sum, together with any interest and penalties thereon. DAS will also issue a Form 1099 to Martin and Martin Law Firm for the payment described in paragraph 1(b).

3. In consideration of the payment of the Settlement Sum, Moore releases and forever discharges for himself, his heirs, executors, administrators, legal representatives and assigns, DAS and its subsidiaries, divisions, successors, assigns, officers, directors, employees, owners, agents, lessees, managers, shareholders, underwriters and insurers, who might be or might hereafter become liable, from any and all charges, claims, demands, suits, liens, debts, damages, and causes of action of whatever nature in law or in equity whether growing out of tort, contract, quasi-contract, statute or otherwise, including all claims under the laws of the United States and/or the State of Georgia, any other regulations and ordinances or laws which may have afforded Moore a cause of action for wages, salary, bonus, vacation pay, compensatory damages, punitive damages, liquidated damages, attorney's fees, penalties, interest, costs, and any other legally recoverable category of damages or relief which Moore has ever had or now has. In addition, Moore agrees to voluntarily dismiss with prejudice the complaint filed by Moore in the United States District Court for the Northern District of Georgia, Atlanta Division, as Case Number: 1:11-CV-00395-CAP (the "Litigation"), after the parties obtain Court approval of this Agreement, Receipt, and Release. Additionally, Moore represents and warrants that he has received all wages and benefits to which he was entitled during his employment, including, but not limited to, those wages and benefits governed by the Fair Labor Standards Act and the Family and Medical Leave Act.

However, nothing in the above is to be interpreted that Moore waives ant of his rights under the State of Georgia's Workers' Compensation Statute and rules.

4. Moore agrees that he will not seek nor accept employment or reemployment with DAS or any of its subsidiaries or divisions and that his failure to comply with this provision of this Agreement may be grounds for withdrawal of any offer of employment or immediate termination of employment without further explanation.

5. Moore releases any and all claims he has against DAS willingly, freely, and without duress.

6. Moore agrees that he will not disparage DAS or communicate any false, negative or misleading information about DAS, any matter relating to Moore's employment with DAS, and/or the circumstances surrounding Moore's separation of employment from DAS.

7. It is recognized and agreed that this settlement is being made purely on a compromise basis and that no party admits liability to the other or to any other person whatsoever. It is further acknowledged and agreed that Moore is not to be considered prevailing party for any purposes.

8. Moore agrees that he will keep confidential the terms of this Agreement and will not display, disclose or make public in any way the terms of settlement or the contents of this document or discuss them with anyone, unless required to do so by Court Order. The parties agree that nothing contained in this settlement shall be construed to prevent Moore from discussing the consideration paid and the terms of this Agreement with his spouse, attorney or tax preparer, provided that they are informed of this confidentiality provision and agree to comply with its terms, or in responding to any inquiry by any state or federal regulatory or law enforcement agency, or from disclosing

this Agreement to the IRS or any state agency as part of a report of income. Moore acknowledges and agrees that the promises he has made in paragraphs 4, 6 and 8 of this Agreement are material terms that have induced DAS to enter into this Agreement, and should he breach any such promises, DAS may file a lawsuit against him and seek any and all equitable and/or legal remedies to which it may be entitled.

9. This Agreement shall be contingent upon obtaining review and approval of the Agreement by the Court in the Litigation, and Moore agrees to cooperate fully in the preparation and presentation of a joint motion to obtain such approval under seal so as to preserve the confidentiality of this Agreement. This Agreement shall also be contingent upon Moore both becoming party to this Agreement, and not revoking the same under the revocation procedure contained herein.

10. In the event that any of the Parties to this Agreement breach any portion thereof, the prevailing party in an action to enforce this Agreement may recover from the breaching party its reasonable attorneys' fees and costs.

11. This Agreement constitutes the entire agreement of the parties, and all prior negotiations or representations are merged herein or replaced hereby. This Agreement may only be amended by a written amendment identified as such and signed by all parties to this Agreement.

12. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, the Parties and their heirs, beneficiaries, administrators, representatives, executors, successors and assignees.

13. If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable, or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such

provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable, or invalid. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

14. This Agreement shall be interpreted in accordance with the laws of the State of Georgia. Any disputes arising hereunder will be litigated in a court of competent jurisdiction in the State of Georgia, and the Parties expressly consent to jurisdiction in such forum.

SIGNED on the dates entered under the signatures of the respective parties.

_____
ROBERT MOORE          DATE

Agreed as to form:

_____
THOMAS F. MARTIN      DATE
Attorney for Robert Moore

DEPENDABLE AUTO SHIPPERS, INC. by

_____  6-25-12
[Officer]              DATE

_____  6-28-12
COLLEEN MCCOY          DATE
Attorney for Dependable Auto Shippers, Inc.

Agreement may only be amended by a written amendment identified as such and signed by all parties to this Agreement.

12. This Agreement shall be binding upon, inure to the benefit of, and be enforceable by, the Parties and their heirs, beneficiaries, administrators, representatives, executors, successors and assignees.

13. If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable, or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable, or invalid. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

14. This Agreement shall be interpreted in accordance with the laws of the State of Georgia. Any disputes arising hereunder will be litigated in a court of competent jurisdiction in the State of Georgia, and the Parties expressly consent to jurisdiction in such forum.

SIGNED on the dates entered under the signatures of the respective parties.

_____    06·22·12
ROBERT MOORE                      DATE

Agreed as to form:

_____   6/21/12
THOMAS F. MARTIN            DATE
Attorney for Robert Moore

DEPENDABLE AUTO SHIPPERS, INC. by

_____   _____
[Officer]                   DATE


_____   _____
COLLEEN MCCOY               DATE
Attorney for Dependable Auto Shippers, Inc.